UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UMER MALIK, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | No. 23 C 1182 |
| v. | ) | |
| | ) | Chief Judge Virginia M. Kendall |
| PRAIRIE RAYNOR LLC, et al., | ) | |
| | ) | |
| *Defendants*. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This case is part of a larger litigation alleging that various overlapping Defendants of engaged in a fraudulent real-estate investment scheme. In short, Plaintiffs allege Defendants, including Chase Real Estate, LLC ("Chase RE"), Marcin Chojnacki, and Lori Mikosz, among others, engaged in a fraudulent enterprise through which Defendants misrepresented the conditions and ownership of real estate properties to induce Plaintiffs to purchase them. (Dkt. 5). Chase RE then filed a crossclaim alleging that its potential liability in the actions derives from the wrongful actions or omissions by Cross-Defendants Chojnacki and Mikosz. (Dkt. 127 at 2-3).[1] Cross-Defendant Mikosz now moves to dismiss the crossclaim, (Dkt. 146), and Cross-Defendant Chojnacki moves to dismiss the crossclaim and compel arbitration, or, in the alternative, stay further litigation of the crossclaim pending arbitration, (Dkt. 147; Dkt. 155). For the following reasons, the Court denies Mikosz's Motion [231] and grants in part and denies in part Chojnacki's Motion [235].

---

[1] Chase RE filed the same crossclaim in ten cases against Chojnacki, Mikosz, and, in those where he is named as a Defendant, Robert Rixer. The crossclaims and the parties' briefing are substantively identical in each of the cases.

## BACKGROUND

The Court assumes familiarity with the sprawling facts of this case from its earlier Opinion denying Defendants' motion to dismiss. (Dkt. 104). This Motion concerns a discrete dispute regarding the scope and application of arbitration agreements between Chase RE and the Cross-Defendants. First, pursuant to the Independent Contractor Agreements (signed between Chase RE and each of the Cross-Defendants), Chojnacki and Mikosz agreed to indemnify Chase RE for any liability, damages, and attorney's fees:

> 16. **INDEMNIFICATION.** Contractor agrees to indemnify, defend and hold harmless CHASE, including but not limited to, its members, officers, employees, directors and agents from and against any and all liability, claims, losses, damages and expenses, fines, taxes, including CHASE'S reasonable attorney's fees, arising from or relating to Contractor's conduct or activities under this Agreement, even if said claims are brought after the termination of this agreement. Contractor's indemnification obligations shall survive the expiration or the termination, for any reason, of this agreement.

(Dkt. 146-1 at 13; Dkt. 235-1 at 13).[2]

Second, pursuant to the Branch Agreement (signed between Chase RE and Cross-Defendant Chojnacki), Chojnacki agreed to indemnify Chase RE for any liability, damages, and attorney's fees:

> 38. Manager agrees to indemnify and hold Sponsor harmless from and against any and all liabilities, claims, obligations, expenses, losses, damages, judgments or other injuries (including, but not limited to, attorney's fees, costs and expenses of litigation and appeals), which Sponsor may incur or suffer in connection with (a) grossly negligent acts, willful misconduct or knowing misrepresentations of material fact by Manager or an Associate while performing this Agreement; (b) a breach of this Agreement; or (c) breach of any client contract. Specifically, as to claims on Sponsor's insurance based on Manager or Associate's conduct, Manager shall reimburse Sponsor for each deductible paid for such claims.

(Dkt. 235-2 at 7–8).

---

[2] The Independent Contractor Agreements signed by Mikosz and Chojnacki are identical. (Dkt. 245 at 2, n. 1).

Although the Branch Agreement does not contain an arbitration clause, the Independent Contractor

Agreements do:

> 15. **DISPUTE RESOLUTION.**
>
> . . .
>
> > (a) In the event of a dispute between Contractor and CHASE, the parties agree to first submit the dispute to mediation using a mediation service acceptable to all parties. The cost of mediation shall be borne equally between the parties. The parties agree that the decision of a mediator will be final and binding upon the parties.
> >
> > (b) In the event that the parties cannot agree upon a mediator, then in that event, the parties shall submit the dispute for arbitration to the American Arbitration Association, Chicago, Illinois office, in accordance with its rules of commercial arbitration. The cost of arbitration shall be pursuant to the rules of the American Arbitration Association.

(Dkt. 235-2 at 12–13).

The Independent Contractor Agreements also contain a remedies clause, outlining Chase's

right to seek injunctive relief:

> 14. **REMEDIES.**
>
> > (a) Contractor understands that the covenants contained in this Agreement are restrictive covenants and fully agrees to the reasonableness of said covenants. Contractor understands and recognizes that it would be difficult, if not impossible, to compute the amount of loss or damage caused by reason of such competition, and because of Contractor's financial circumstances, Contractor cannot respond in damages in an action at law to compensate CHASE for such loss or damages. CHASE is accordingly without an adequate remedy at law in the event that Contractor should violate the covenant contained herein.
> >
> > (b) If any action is brought by CHASE for the violation of these covenants, Contractor agrees that because of the immediate and irreparable injury which would be sustained by CHASE if such violation were to continue unrestrained, an order may be entered enjoining Contractor from violating this covenant, either temporarily, preliminarily or as part of final judgment in the litigation, all without a requirement that CHASE post bond. If, contrary to this provision, a court shall require CHASE to post bond in connection with the entry of an injunctive order, the parties agree that such bond shall be without surety, and may stand as

> CHASE'S own undertaking. CHASE'S application for injunctive relief shall not prejudice any other claim or cause of action which CHASE or its successors may pursue by reason of the violation of these covenants, nor shall it prejudice CHASE'S right to maintain any other claim or cause of action under this Agreement.
>
> . . .
>
> (d) Contractor understands and agrees that, in the event of the violation of any of the terms and provisions of this Agreement, CHASE shall be entitled to institute legal proceedings against Contractor as fully set forth herein. Contractor shall be responsible for, and CHASE shall be entitled to recover, CHASE'S court costs and reasonable attorney's fees, if court proceedings are instituted by CHASE to enforce the terms of this Agreement.

(Dkt. 235-2 at 11–12).

Now Cross-Defendant Mikosz moves to dismiss the crossclaim (Dkts. 231, 146), and Cross-Defendant Chojnacki moves to dismiss the crossclaim and compel arbitration, or, in the alternative, stay further litigation of the crossclaim pending arbitration. (Dkt. 235).[3]

## DISCUSSION

### I. Scope of the Independent Contractor Agreements' Arbitration Clauses

"The FAA authorizes federal district courts to compel arbitration on a party's motion upon finding (1) a valid, written agreement to arbitrate (evaluated like any contract); (2) a dispute falling within the scope of the agreement, and (3) a refusal to arbitrate." *Matricciani v. Am. Homeowner Pres., Inc.*, 718 F. Supp. 3d 825, 834 (N.D. Ill. 2024) (citing *Zurich Am. Ins. Co. v. Watts Indus.,*

---

[3] Although the parties are Illinois citizens and there is no amount in controversy in the crossclaim, the Court finds it has supplemental jurisdiction over the crossclaim because the crossclaim arises from the same occurrence that is the subject matter of the original claim. *Am. Nat. Bank & Tr. Co. of Chicago v. Bailey*, 750 F.2d 577, 581 (7th Cir. 1984) ("A Rule 13(g) cross-claim does not require an independent basis of federal jurisdiction."); *United States v. Zima*, 766 F.2d 1153, 1157 (7th Cir. 1985); *see, e.g.*, *Norfolk S. Ry. Co. v. Smock, Inc.*, 338 F.R.D. 500, 504 (N.D. Ind. 2020) ("It generally has been held that persons brought into an action under Rule 13(h) as parties to either a compulsory counterclaim under Rule 13(a) or a cross-claim under Rule 13(g) will come under the ancillary (now supplemental) subject-matter jurisdiction of the court.") (quoting Wright & Miller, 6 Fed. Pract. & Proc. Civ. § 1436 (3d ed. 2020)).

4

*Inc.*, 417 F.3d 682, 687 (7th Cir. 2005)). The party seeking to compel arbitration has the burden of establishing an agreement to arbitrate. *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1063 (7th Cir. 2018). Any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983)). "To determine whether a contract's arbitration clause applies to a given dispute, federal courts apply state-law principles of contract formation." *Gore v. Alltel Commc'ns, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012).

Under Illinois law, parties "are bound to arbitrate only those issues they have agreed to arbitrate, as shown by the clear language of the agreement and their intentions expressed in that language." *Liu v. Four Seasons Hotel, Ltd.*, 138 N.E.3d 201, 206 (Ill. App. Ct. 2019) (citing *Royal Indem. Co. v. Chi. Hosp. Risk Pooling Program*, 865 N.E.2d 317, 324 (Ill. App. Ct. 2007)). When an arbitration clause's language is broad, and it is not clear whether the dispute is within the agreement's scope, "the question of substantive arbitrability should initially be decided by the arbitrator." *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 530 N.E.2d 439, 447–48 (Ill. 1988). Moreover, "[w]here the arbitration clause is broad, [the Court] presume[s] arbitrability of disputes. *Int'l Bhd. of Elec. Workers Loc. 2150 v. NextEra Energy Point Beach, LLC*, 762 F.3d 592, 594 (7th Cir. 2014) (citation omitted). "And where any ambiguity as to the scope of the clause exists, [the Court] will construe it in favor of the party seeking arbitration." *Id.* (citation omitted). "Ultimately, [the Court] will compel arbitration 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.' " *Id.* (quoting *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 535 (7th Cir. 2008)).

Here, neither party disputes that the Independent Contractor Agreement is a valid, written agreement. Thus, the first question is whether the dispute falls within the scope of the arbitration clause. First, Chase RE argues that the dispute is not subject to the arbitration clause because § 14's remedies clause carves out a right for Chase RE "to litigate and seek injunctive relief as remedies in lieu of arbitration." (Dkt. 245 at 5). But even assuming that Chase RE's is correct that § 14 gives Chase RE the right to seek injunctive relief in lieu of arbitration,[4] that right does not apply to the dispute here, because Chase RE does not seek injunctive relief. Chase RE's crossclaim is an indemnification claim for which Chase RE seeks only damages. (Dkt. 127 at 3–4). Furthermore, to the extent Chase RE argues that § 14 creates a more general right to pursue litigation, not limited to claims for injunctive relief, in lieu of arbitration, that argument is untenable under the text of § 14, which authorizes Chase RE, "in the event of the violation of any of the terms and provisions of this Agreement, . . . to institute legal proceedings against Contractor *as fully set forth herein*." (Dkt. 235-1 at 12) (emphasis added). That is, § 14 authorizes litigation subject to the limitations of § 14, which speaks only of injunctive relief, and the limitations of § 15's arbitration clause. Section 14 merely states that "[i]f any action is brought by CHASE for the violation of these

---

[4] The issue of whether § 14 creates an exception to § 15's arbitration clause for injunctive relief is not necessary for the resolution of this Motion, and the parties have not fully briefed the issue. That being said, it is in no way clear that § 14 creates such an exception. The cases on which Chase RE relies involved arbitration clauses that explicitly excepted injunctive relief. *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 878 F.3d 488, 497 (5th Cir. 2017) (discussing arbitration clause that explicitly excludes "actions seeking injunctive relief"); *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 153 (3d Cir. 2014) (discussing arbitration clause that applies to all disputes arising under agreement "[e]xcept for an action seeking a temporary restraining order or injunction"). Here, § 14 simply states that, in "any action," an order granting injunctive relief may be entered. Section 15 adopts the American Arbitration Association's Commercial Arbitration Rules, which permit an arbitrator to order injunctive relief under Rule 38. AAA Comm. Arb. R. 38. Thus, because Chase RE may, in the first instance, seek injunctive relief in an arbitration required by § 15, the mere availability of injunctive relief under § 14 does not necessarily imply an intent to create an exception to § 15's arbitration clause.

covenants, Contractor agrees that because of the immediate and irreparable injury which would be sustained by CHASE if such violation were to continue unrestrained, an order may be entered enjoining Contractor from violating this covenant, either temporarily, preliminarily or as part of final judgment in the litigation . . . ." (Dkt. 235-1 at 11). In short, the text of § 14 in no way creates a general right to pursue litigation in contravention of § 15's arbitration clause.

Furthermore, because Chase RE's indemnification claim is supported only by factual allegations pertaining to Cross-Defendants past conduct for which injunctive relief would be improper, and because Chase RE offers no additional information regarding the claim for injunctive relief for which it seeks leave to bring in an amended crossclaim, (Dkt. 245 at 6), the Court denies Chase RE's one-line request for leave to amend as futile. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). As Cross-Defendants argue, Chase RE terminated its agreements with Cross-Defendants, such that future violations of the agreements are not possible, except for possible violations of the restrictive covenants against competition, disclosure of confidential information, and nonsolicitation, which Chase RE has not alleged. (Dkt. 235-1 at 10–11; Dkt. 258 at 1–2; Dkt. 246 at 5–6). And, while the Court will permit Chase RE to file a more substantial request for leave to amend its crossclaim and add a claim for injunctive relief, the Court notes that such an amendment would not save its indemnification claims from the arbitration clause or foreclose Cross-Defendants from fully litigating the issue of whether a claim for injunctive relief is also subject to the arbitration clause.

Second, Chase RE points out that § 15's arbitration clause does not contain such broad phrases like "any and all," "arising out of," or "relating to"; thus, they argue that § 15 is narrow in scope. (Dkt. 245 at 7–10). True, the analysis would be simpler had the parties included such language, but the Court cautions Chase RE not to confuse the sufficient for the necessary. The

absence of such language alone does not mean the provision must be narrow. To the contrary, a plain reading of § 15 suggests that the provision is intended to be broad—it requires the parties to mediate-then-arbitrate "a dispute" without any qualified language or exclusion of any specific type of disputes. *See, e.g.*, *Alexander v. Chesapeake Appalachia, LLC*, 839 F. Supp. 2d 544, 553 (N.D.N.Y. 2012); *cf. Smith v. Altisource Sols.*, 726 F. App'x 384, 391–92 (6th Cir. 2018) (holding that "the parties agreed to arbitrate only disputes over the *calculation* of the Earn-out Payments; they did not agree to arbitrate *all* disputes between the parties that might somehow affect [defendant's] entitlement to Earn-out Payments").

Furthermore, Chase RE's reliance on *Welborn Clinic v. MedQuist, Inc.*, 301 F.3d 634, 640 (7th Cir. 2002) is distinguishable. There, the Seventh Circuit held that the arbitration clause did not reach invoice disputes generally because the clause specifically stated that arbitration applied to whether the plaintiff owed defendant any money under the invoices. *Welborn Clinic*, 301 F.3d at 640. To interpret otherwise would render the phrase "invoice amount" irrelevant. *Id.* Going further, the Seventh Circuit opined that the defendant could have included language like "arising out of" or "related to" "invoice disputes" to cover all disagreements regarding billing. *Id.* But the language here is broader than the language in *Welborn*—§ 15 only mentions "a dispute" with no qualifier as to what subject it is limited to. (Dkt. 235-1 at 12). Chase RE can point to no limiting language, such as "invoice amount," to narrow the scope of the arbitration provision in the Independent Contractor Agreement.

Chase RE rebuts by arguing that § 16's indemnification clause contains such "near universal" phrases—"any and all liability…" and "arising from or relating to Contractor's conduct or activities"—and this expansive language requires Mikosz and Chojnacki to indemnify Chase RE "from a broader range of disputes than what must be arbitrated under" § 15. (Dkt. 245 at 8).

Chase RE's argument is perplexing as these are two different sections dealing with two separate questions. All Chase RE has shown is under what circumstances must Chojnacki and Mikosz must indemnify Chase RE. But § 16 has no bearing on who determines whether indemnification is appropriate. It could very well be that Chase RE has a strong case for indemnification, but this Court may still be the inappropriate forum to adjudicate such a matter.

Resisting this plain reading, Chase RE makes a tortured interpretation that § 16's indemnification clause is not within the scope of § 15's arbitration clause because § 15 only contemplates disputes between Chase RE and Mikosz/Chojnacki, whereas the present dispute involves a third-party, the plaintiff. (Dkt. 245 at 8–9). The Court fails to see how presence of the plaintiff alters in any way the core dispute at issue here—whether Mikosz or Chojnacki is required to indemnify Chase RE. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 (1983) ("Under the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement."). That dispute is between two parties. The plaintiff's involvement is limited to the fact that the plaintiff is suing both Mikosz/Chojnacki and Chase RE, but the plaintiff has no stake or interest in this indemnification fight. Put another way, Chase RE can sue Mikosz and Chojnacki for indemnification even if the plaintiff is not a party to that case.

Next, Chase RE points to the Code of Ethics promulgated by the National Association of Realtors as not precluding "a defendant in litigation from joining a cooperating agent and/or subagent in that litigation." (Dkt. 245 at 9–10). But the Court fails to see how that language has any bearing on the present case. Both Chase RE and Mikosz/Chojnacki are listed as Defendants in this case. Again, Chase RE may very well have a strong case for indemnification, but the merits

are separate from whether federal court is the appropriate forum for adjudication. And Chase RE has not pointed to any language in the Code of Ethics to suggest otherwise.

As for the last factor, the Court finds that Chase RE has refused to arbitrate. Chase RE's only rebuttal is its statement that its decision to file a crossclaim against Mikosz and Chojnacki "should not be otherwise interpreted as a refusal to arbitrate." But they do not tell the Court what other interpretation is available. It appears that Chase RE had a duty to arbitrate with the Cross-Defendants pursuant to the Independent Contractor Agreements, and, instead of filing a claim for a mediator, filed this crossclaim instead. Chase RE's conduct, including the filing of the crossclaim and the express position that it is under no duty to arbitrate the indemnification claims, amounts to a demonstrable refusal to arbitrate. *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 691 n. 7 (7th Cir. 2005) (finding that an express position denying a duty to arbitrate during litigation is conduct expressing a refusal to arbitrate); *Metro. Life Ins. Co. v. O'Malley*, 392 F. Supp. 2d 1042, 1045 (N.D. Ill. 2005) ("Lastly, there is a demonstrable refusal to arbitrate, by virtue of [the plaintiff's] initiation of this current action."). Thus, this factor is met.

While the Court finds that Chase RE's crossclaims against Mikosz and Chojnacki, as based on the Independent Contractor Agreement, are subject to arbitration, both Cross-Defendants' requested relief of dismissal would be improper. "When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration." *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024); 9 U.S.C. § 3; *Tice v. Am. Airlines, Inc.*, 288 F.3d 313, 318 (7th Cir. 2002) ("[W]e think that rather than dismiss the present suit the district judge should have stayed it to await the outcome of arbitration in order to spare the parties the burden of a second litigation should the arbitrators fail to resolve the entire controversy."); *see*

*also Wal-Mart Stores, Inc. v. Helferich Pat. Licensing, LLC*, 51 F. Supp. 3d 713, 721 (N.D. Ill. 2014).

Accordingly, because dismissal would be improper, the Court denies Mikosz' Motion to Dismiss, and grants in part and denies in part Chojnacki's Motion to Dismiss and Compel Arbitration. The Court compels arbitration of Chase RE's crossclaim against Mikosz and Chase RE's crossclaim against Chojnacki based on the Independent Contractor Agreement, and stays RE Chase's crossclaims against Mikosz and Chojnacki, based on the Independent Contractor Agreement, pending arbitration.

## II.     Chojnacki's Branch Agreement

For Chojnacki, there is a separate source of potential liability: the Branch Agreement that contains an indemnification clause but no arbitration clause. Chojnacki responds by arguing (1) that an indemnification claim is not ripe as liability has not been fixed in this case, and (2) that Chase RE's indemnification claim under the Branch Agreement is "inextricably tied" to its indemnification claim subject to arbitration under the Independent Contractor Agreement and therefore should be stayed as to not impair the arbitrator's consideration. (Dkt. 235 at 3; Dkt. 258 at 4).

Regarding ripeness, the Court is not convinced that the crossclaim is premature. Chase RE filed its crossclaim pursuant to Federal Rule of Civil Procedure 13(g) which states that a crossclaim "may include a claim that the coparty is or *may be liable* to the crossclaimant for all or part of a claim asserted in the action against the crossclaimaint." Fed. R. Civ. P. 13(g) (emphasis added). Rule 13(g)'s broad language allows for crossclaims where liability has not been set. Put another way, at the pleading stage, Chase RE's claim survives because the cross-defendants *may be liable*—not that they will be liable—to indemnify. *See, e.g., Baskins v. Gilmore*, 2018 WL

11

4699847, at *12 (N.D. Ill. Sept. 30, 2018). None of Chase RE's case support is persuasive because they do not involve a crossclaim under Rule 13(g).

But Chojnacki's second argument that the indemnification crossclaim under the Branch Agreement should be stayed because it raises issues subject to arbitration under the Indemnification Agreement has greater merit. (Dkt. 258 at 4–5). Section 3 of the FAA "plainly requires that a district court stay litigation where issues presented in the litigation are the subject of an arbitration agreement." *Kroll v. Doctor's Associates,* 3 F.3d 1167, 1171 (7th Cir. 1993) (quoting *Morrie & Shirlee Mages Foundation v. Thrifty Corp.*, 916 F.2d 402, 407 (7th Cir. 1990)). Where, as here, the parties have multiple agreements—but only one includes an arbitration clause—and the plaintiff's claims stem from an agreement with no arbitration clause, "the parties can be compelled to arbitrate only if (1) the clause is broad enough to encompass their dispute, or (2) the agreement containing the clause incorporates the other by reference." *Gore*, 666 F.3d at 1033. If a case is sent for arbitration, the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (holding that § 3 of the FAA compels the court to stay the proceeding when the lawsuit involves an arbitrable dispute); *IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 529 (7th Cir. 1996) ("The only purpose that we can ascribe to the word 'issue' in section 3 is to enable litigation to be stayed pending arbitration even if only one of the issues in the litigation is subject to an agreement to arbitrate.").

The motivation behind the stay is to prevent the litigation of an issue from impairing the arbitrator's consideration of a similar or derivative issue that is subject to arbitration. *Kroll*, 3 F.3d at 1171–72. Chojnacki does not argue that the Independent Contractor Agreement's arbitration

clause encompasses the dispute under the Branch Agreement (such that arbitration of the Branch Agreement claim would be required), so the only question is whether a stay of the crossclaim based on the Branch Agreement is proper. Here, the indemnification clauses under the Branch Agreement and Independent Contractor Agreement are substantively similar—both demand Chojnacki to indemnify Chase RE for damages caused by his actions. How an arbitrator rules on the indemnification claim under the Independent Contractor Agreement would undoubtedly affect how a similar clause is interpreted under the Branch Agreement. Thus, regardless of whether the Branch Agreement serves as a separate source of liability, a stay is still proper. For the same reason explained above, dismissal would be improper.

Accordingly, the Court further grants in part Chojnacki's Motion, insofar as it asks the Court to stay Chase RE's crossclaim pending arbitration, as it based on the Branch Agreement.

## CONCLUSION

For the foregoing reasons, the Court denies Cross-Defendant Mikosz's Motion to Dismiss [231], and grants in part and denies in part Cross-Defendant Chojnacki's Motion to Dismiss and Compel Arbitration [235]. The Court compels arbitration of Chase RE's crossclaim against Mikosz, compels arbitration of Chase RE's crossclaim against Chojnacki (as it based on the Independent Contractor Agreement), and stays Chase RE's crossclaims against Mikosz and Chojnacki pending arbitration.

_____
Virginia M. Kendall
United States District Judge

Date: June 26, 2025

13