**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| UMER MALIK, et al., ) | Case No. 1:23-cv-01182 |
| ) | |
| Plaintiffs, ) | Judge Virginia M. Kendall |
| ) | Magistrate Judge Jeffrey T. Gilbert |
| v. ) | |
| ) | Consolidated for Discovery |
| PRAIRIE RAYNOR LLC, et al., ) | Purposes with: |
| ) | |
| Defendants. ) | 1:23-cv-01469 |
| ) | 1:23-cv-01596 |
| ) | 1:23-cv-01691 |
| ) | 1:23-cv-02401 |
| ) | 1:23-cv-02520 |
| ) | 1:23-cv-02546 |
| ) | 1:23-cv-02858 |
| ) | 1:23-cv-03173 |
| ) | 1:23-cv-03430 |
| ) | 1:23-cv-04406 |

**MOTION TO COMPEL AS TO DEFENDANTS CHASE REAL ESTATE LLC, THE "CHOJNACKI DEFENDANTS", DAVID BRANDONISIO, KENDALL MURPHY, KATHLEEN LONG, AND MIDWEST TITLE AND CLOSING SERVICES LLC**

Now Comes the Plaintiff(s), by and through counsel, Gaspero & Gaspero, Attorneys at Law, P.C., and for this Motion to Compel pursuant to FRCP 37 (3)(b)(iii) and Rule 37(3)(b)(iv) as to Defendants Chase Real Estate LLC ("Chase"), Marcin Chojnacki, Robert Rixer, 11902 Longwood LLC; 1630 N 1 LLC; Citypoint Illinois LLC; Deodar, Evergreen, & Butternut EC LLC; EJ Investment Group, Inc.; Fairview Avenue Properties LLC; Grand Columbus EC LLC; Harlem Elmwood LLC; Illinois Assets LLC; Mainstreet Property Management LLC; Page Street Properties, LLC; TCF National Holdings, Inc.; and Torrence 2 LLC (hereinafter the "Chojnacki Defendants") and Midwest Title and Closing Services LLC, states:

### I.     Defendants' Entity Tax Returns Are Discoverable and Relevant

1.      Plaintiffs in this matter timely served interrogatories and requests for the production of records to Defendants Chase,  (Midwest Title), the Chojnacki Defendants, and Defendants Long, Brandonisio and Murphy.    Thereafter, Defendants did all timely answer the Interrogatories and Production Requests, with the exception of Request Number 6, which was uniform for all Defendants.

2.      Defendants objected to Request Number 6.

3.      For all Defendants, Plaintiffs requested in Document Production Request Number 6:

> All financial reports and statements including, but not limited to, income tax returns, ledgers, financial statements, income and expense reports, and/or other related or substantially equivalent financial documents for You and your Affiliates which shall include any and all officers, managers, shareholders, owners, and directors for the past five years.

4.      Plaintiffs have in good faith conferred with counsel their objections to Production Request Number 6.  In these conferences, Plaintiffs have made it clear that only the defendant entity tax returns are being requested, and not individual tax returns.

5.      Therefore, Defendant Long, as President and sole shareholder of Defendants TCF National Holdings and First National Financial, is requested to produce those entity returns. Similarly, Defendant Murphy, President and shareholder of Defendant 1st Midwest Financial, Inc. is requested to produce tax returns for that entity.    Defendant Brandonisio, President and sole shareholder of BMO Property Management is requested to produce tax returns for that entity. Defendant Midwest Title and Closing Services is owned by both Defendant Rachel Irwin and Marcin Chojnacki.  Defendants Irwin and Chojnacki are requested to produce returns for Midwest Title and Closing Services.  Notably, Defendants Long, Murphy and Brandonisio are represented by different counsel than their respective entities Defendants 1st Midwest Financial, BMO Property

Management, First National Financial, and TCF National Holdings, Inc. This has made discussions regarding these matters difficult.

6.     Counsel have had multiple conferences pursuant to the requirements of Rule 37 as well as numerous email correspondences in attempts to resolve Defendants' objections to Document Request Number 6. Plaintiffs' attempts to obtain the tax records relating to the entity Defendants were unsuccessful.

7.     The financial records and tax filings are discoverable because those records contain information that is either directly relevant or reasonably calculated to lead to the discovery of information that is relevant to the claims and defenses in this matter. *See Elipas v. Jedynak,* 2008 U.S. Dist. LEXIS 122898 (N.D. Ill. 2008), citing *Burket v. Hyman Lippitt,* 2007 U.S. Dist. LEXIS 54529. Specifically, Plaintiffs have alleged that Defendants and their affiliates were associated in fact and constituted an "enterprise" as that term is defined in Title 18, United States Code, Section 1961(4). "Tax returns are relevant to allegations of financial impropriety and fraud." *Elipas*, 2008 U.S. Dist. LEXIS at 11. ("Defendants'' finances are at the heart of Plaintiffs' case alleging fraud…"). *See also* Burket, 2007 U.S. Dist. LEXIS at 4 (holding Counter/Third-Party Defendants tax returns relevant and discoverable where Defendant alleged that Counter-Third-Party Defendants benefitted from a fraudulent scheme…").

8.     Here, Exhibits marked during Depositions taken in this case include emails between Defendant Robert Rixer, Marcin Chojnacki, and a lender for Rixer and Chojnacki. Rixer writes to Chojnacki and his lender, regarding one of the transactions in these fifteen related matters:

 **Eric,**

 **See attached org chart which should simplify things. Only Marcin and I have ownership stakes in these entities. Kathleen and Caitlin are our respective partner's and have no functional role in any business. Due to the nature of our business**

3

**model, our identity being hidden from public view is of the highest importance.**

**Because Renovo requires the loanee entity to be registered to do business in IL, we had no choice but to register. Now, if an IL corp search is performed - it will display a manager. This manager CANNOT show to be Marcin or myself. Which is why we have Kathleen and Caitlin in place.** *See Exhibit 1.*

9.       Similarly, emails also include Defendant Rachel Irwin communicating with agents of Lakeland Title relating to closings for the Plaintiffs' closings in these matters and "Marcin and Rob's new corporate structure."

**Hi guys: This property is closing on Wednesday. It involves Marcin and Rob's new corporate structure, which is as follows (I drew a poor roadmap for you to follow):**

**Essentially, each commercial acquisition will have an Illinois LLC created ("individual property LLCs"). Each individual property LLC is wholly owned by either Illinois Assets LLC or Properties Midwest LLC. Illinois Assets LLC and Midwest Properties LLC are both wholly owned by Market Equities Inc. Market Equities Inc. is owned 50-50 by Marcin and Rob (individually).**

**The individual property LLCs will NOT have bank accounts. Illinois Assets LLC, Properties Midwest LLC, and Market Equities Inc. do have bank accounts. The proceeds from commercial deals will go to Illinois Assets LLC and Properties Midwest Inc. What do you need from us for that to happen?**
*See Group Exhibit 2.*

10.       Emails between Defendant Irwin and Iwona Chojnacki, Marcin Chojnacki's mother and bookkeeper, and agents of Defendant Mainstreet Property Management also show that as to Defendant Prairie Raynor:

**Prairie does not have the EIN number. 2020 taxes were filed under EJ Investments. Prairie technically belonged to FNF but was supposed to be switched to EJ. I am not sure if it was ever done.**

**For the EIN section in onboarding sheet, mark it as "EJ wholly owned; EJ EIN - xxx"**

*See Exhibit 3.*

11.     At all times relevant, Defendant Prairie Raynor and Defendant First National

Financial were owned and controlled by Defendant Kathleen Long.  Defendant EJ Investments,

Inc. is owned by Defendants Rixer and Chojnacki.

12.     Finally, Group Exhibit 4 shows Defendants Chojnacki and Rixer signing

authorizations relating to real estate transactions that are the subject of this litigation, directing that

the proceeds be paid to Defendant Illinois Assets.  *See Group Exhibit 4.*

13.     It is relevant to discern how the Defendants reported the various financial

transactions that are the subject of these matters.  *Elipas*, 2008 U.S. Dist. LEXIS at 11; *Burket*,

2007 U.S. Dist. LEXIS at 4.

**II.     Defendant Chase Real Estate LLC's tax returns are also relevant as to its**

**claims relating to independent contractor versus employee status**

14.     Additionally, as to Defendant Chase, Chase has additionally denied liability in this

matter largely based on its assertion that it had only an independent contractor relationship with

Defendant real estate agents Laurena Mikosz, Marcin Chojnacki, and Robert Rixer.

15.     Defendant Chase's tax returns are also relevant and discoverable.

16.     "The Seventh Circuit has found that tax forms and tax returns are indispensable

when determining whether a worker is an employee or independent contractor." *Bulaj v. Wilmette*

*Real Estate & Mgmt. Co., LLC*, 2010 U.S. Dist. LEXIS 112302, 1, 25 (N.D. Ill. 2010).

17.     The Seventh Circuit has held that bare arguments as to classification as either an

independent contractor or an employee are not sufficient when determining this status. *See Estate*

*of Suskovich v. Anthem Health Plans of Va., Inc.* 553 F.3d 559 at 568 (7th Cir. 2009).

18.     In this matter, the tax return for Defendant Chase Real Estate LLC will show

whether or not it is issuing 1099 tax forms versus W-2 forms to Defendants Laurena Mikosz, Marcin Chojnacki and Robert Rixer. *See Suskovich,* 553 F.3d at 568.

19.     Further, the tax return for Chase Real Estate LLC will also show whether it is reporting, in the ordinary course of its trade or business, various expenses of those individuals in a manner consistent with independent contractor versus employee.

20.     Moreover, evidence shows that Chase was using comps from some of the transactions at issue in its marketing materials.  Its tax returns are relevant as to Chase's claims that it was not involved in the transactions at issue.  In particular, a review of K-1s, 1099s, and the existence of any inter-entity payments recorded on the Chase Real Estate LLC tax return are relevant as to Chase's claimed lack of involvement both in the transactions and in the Chase Roselle branch office.

21.     Additionally, the returns are relevant to Chase's claims that it was not involved in any part of the management of the Roselle office, the parties involved, or the transactions.  The requested records will confirm or refute these claims.

22.     Chase tax returns will corroborate (or refute) Chase's defense that it had no operational control. For example, the tax returns will reflect whether Chase 1) paid for advertising, promotion, continuing and/or expenses of the individuals; 2) claimed the office space for the Roselle office on its return; and/or 3) whether Chase compensated any of the Defendants in any manner (such as bonuses or other compensation).

23.     Finally, Chase claims that it did not receive a majority of the sale commissions for the relevant transactions. The tax returns will show how those commissions (and any expenses) were reported.

### III. RICO Elements

24. Moreover, the Amended Complaint further alleges that the enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise as required by the RICO Act.

25. Specifically, 18 U.S.C §1962(c)-(d) provide:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

26. Defendants in these matters constructed a complex network of entities designed to conceal ownership and conceal financial transfers between and among themselves.

27. Subpoenaed bank records yield reference to hundreds of significant cash transfers between defendant entities with no apparent consideration.

28. The arguments above concerning the discoverability of the records were made to Defendants, but were unavailing.

### IV. Defendants Long, Murphy, and Brandonisio Should Sign On Behalf Of Their Respective Entities and Submit Their Emails Relating to their Party Defendant Entities

29. Finally, Plaintiffs have taken issue with Defendants Long, Murphy, and Brandonisio being represented by separate counsel from their entities. The entities owned and controlled by Defendants Long, Murphy, and Brandonisio are represented by counsel for Rixer and Chojnacki.

30. This means that counsel for Chojnacki and Rixer are signing discovery and pleadings relating to Long, Murphy and Brandonisio's entities and are using Chojnacki's email

address for the ESI email search relating to entities owned and controlled by Long, Murphy and Brandonisio.

31.     Important discovery is undoubtedly being missed as a result of Defendants failing to submit the emails of Long, Brandonisio, and Murphy to a search for relevant emails and other communications relating to the relevant transactions in this matter as to the respective party Defendant entities that Long, Murphy, and Brandonisio solely own and control.

WHEREFORE, Plaintiffs herein respectfully request their Motion to Compel to be granted and this Court grant any further relief deemed appropriate under Rule 37.

Respectfully submitted,

/s/ *Carmen A. Gaspero*

Lisa M. Gaspero
Carmen A. Gaspero
GASPERO & GASPERO
2001 Butterfield Rd., Ste. 1022
Downers Grove, IL  60515
Telephone:  (630) 687-9700
Facsimile:  (630) 687-9705
lisa@gasperolaw.com
carmen@gasperolaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on July 29, 2025 a true and correct copy of the foregoing was electronically filed by CM/ECF, which caused notice to be sent to all counsel of record.

By**:**      */s/ Lisa Gaspero*


/s/ Carmen Gaspero
/s/ Lisa Gaspero
Carmen A. Gaspero
Lisa M. Gaspero
GASPERO & GASPERO ATTORNEYS AT LAW, P.C.
2001 Butterfield Rd., Suite 1022
Downers Grove, IL 60515
(630) 687-9700
carmen@gasperolaw.com
lisa@gasperolaw.com
*Counsel for all Plaintiffs*