IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UMER MALIK, et al., | ) | Case No. 1:23-cv-01182 |
| Plaintiffs, | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| v. | ) | |
| | ) | Consolidated for Discovery |
| PRAIRIE RAYNOR LLC, et al., | ) | Purposes with: |
| Defendants. | ) | 1:23-cv-01469 |
| | ) | 1:23-cv-01596 |
| | ) | 1:23-cv-01691 |
| | ) | 1:23-cv-02401 |
| | ) | 1:23-cv-02520 |
| | ) | 1:23-cv-02546 |
| | ) | 1:23-cv-02858 |
| | ) | 1:23-cv-03173 |
| | ) | 1:23-cv-03430 |
| | ) | 1:23-cv-04406 |
| | ) | 1:23-cv-16573 |
| | ) | 1:24-cv-03725 |
| | ) | 1:24-cv-11404 |
| | ) | 1:24-cv-11565 |
| | ) | Pertains to: 1:23-cv-01182 |

**THE CHOJNACKI DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Chojnacki Defendants,[1] by their attorneys, and pursuant to Federal Rule of Civil Procedure 56, move for summary judgment against Plaintiff, Umer Malik. In support of their motion, the Chojnacki Defendants submit a supporting Memorandum of Law and state:

1. This is one of fifteen related cases, each involving an alleged fraudulent real estate scheme. Umer Malik has asserted a total of six claims: civil RICO; fraud; consumer fraud; breach

---

[1] In this case, the "Chojnacki Defendants" includes Marcin Chojnacki and the following entities: Citypoint Illinois LLC; Deodar, EJ Investment Group, Inc.; and Mainstreet Property Management LLC.

of the Illinois Real Estate Licensing Act ("IRELA"); negligent misrepresentation; and unjust enrichment.

2. None of Malik's claims are viable. To begin, has not suffered a compensable form of damage under RICO, which requires injury to a person's "business or property," meaning a plaintiff must present proof of a concrete financial injury as opposed to a mere injury to valuable intangible property interest.

3. Malik, like every other Plaintiff, is upset that somebody purchased properties and sold them to him at a higher price. He considers the "mark-up" on each property to be a damage.

4. As to the point, Plaintiffs have disclosed a damages expert, William Polash, who "assumes" in a mere couple of sentences that the Defendants purchased the properties at "market value" and, therefore, the Plaintiffs have been damaged in an amount "equal to the difference between the price paid by the Plaintiffs" and the "price paid by the Defendants" for each of the properties.

5. Reference to "market value" is a red herring. Critically, Polash does not claim that any of the properties were actually worth less than what the Plaintiffs paid for them. Courts confronted with similar fact patterns—*i.e.*, alleged RICO violations that do not lead a plaintiff to pay more for property than it is actually worth—have concluded that the plaintiff does not have RICO standing. The outcome is the same under Illinois state law (*i.e.*, where the purchase price of property is allegedly induced by fraud, the measure of damages is the difference between the value of the property as it in fact existed and the value that it would have had had the seller's representations been true).

6. Lack of compensable damages aside, Malik's RICO claim also fails because there is no proof that Marcin Chojnacki participated in the "operation or management" of RICO enterprise.

7. The "operation or management" test cannot be met when the defendant is unaware of the of fraud. Here, Malik dealt exclusively with former Chase Real estate agent Laurena "Lori" Mikosz when purchasing his two properties. There is no evidence that Chojnacki knew about any of the misrepresentations Mikosz was supposedly making regarding the properties Malik purchased, nor did he do or say anything post-closing while managing Malik's buildings in furtherance of the purported RICO scheme. All of which means the "operation or management" element is not satisfied.

8. Nor has Malik established the existing of a RICO association-in-fact enterprise. In short, while Mikosz and some of the other defendants were business associates, Malik has not offered any evidence of such an association for that purpose, as the record is devoid of any agreement (explicit or tacit) among the Defendants to coordinate their efforts with those of Mikosz.

9. Malik's common law fraud fails because the record reveals there was no justifiable reliance, nor has he suffered any damages. The same holds true for all of Malik's other extra-contractual claims.

10. Malik's consumer fraud claim fails for the same reason. He attributes all the pre-closing deceptive acts to Mikosz (his admitted real estate agent), and post-closing, all he could offer against Chojnacki was surmise and conjecture.

11. Finally, at a minimum, the Chojnacki Defendants are entitled to summary judgment regarding all of Malik's claimed "back-end" or post-closing damages. In short, he has only

provided bald sums, provided no support, and is simply claiming the normal incidents of owning commercial real estate as a damage.

WHEREFORE, for the reasons stated herein and in their supporting Memorandum of Law, the Chojnacki Defendants pray for entry of an order for summary judgment in their favor and against the Plaintiff, Umer Malik, together with such other and further relief deemed just and proper.

Respectfully submitted,

/s/ Robert T. Boylan
Robert T. Boylan
Eric J. Shukis
Daniel S. Tyler
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60601
(312) 863-5000
rboylan@fgppr.com
eshukis@fgppr.com
dtyler@fgppr.com

Counsel for the Chojnacki Defendants