**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UMER MALIK, an individual, and FAIR OAKS BLVD. LLC, | ) ) ) | |
| | ) | No. 23 C 1182 |
| *Plaintiffs*, | ) | |
| v. | ) | Chief Judge Virginia M. Kendall |
| | ) | |
| PRAIRIE RAYNOR LLC, et al*.,* | ) | |
| | ) | |
| *Defendants*. | ) | |

## <u>OPINION & ORDER</u>

Now before the Court is Plaintiffs' Motion pursuant to Federal Rules of Civil Procedure 26(a)(2) and 37(c)(1) to strike or limit the testimony of Defendants' disclosed "non-retained expert" witnesses: current parties Marcin Chojnacki and Robert Rixer, as well as Rachel Irwin, Brenda Murzyn, and Christian Chase. For the following reasons, the Court grants in part the Motion in accordance with the below analysis. (Dkt. 445).

## <u>DISCUSSION</u>

This action is part of a larger 15-case litigation alleging that various overlapping Defendants engaged in a fraudulent real-estate investment scheme. The present Motion addresses the expert testimony of the aforementioned five individuals across those cases. Beyond the two retained experts, Defendants included Marcin Chojnacki, Robert Rixer, Rachel Irwin, Brenda Murzyn, and Christian Chase as their non-retained experts. (Dkt. 445-1, "Chojnacki Defendants' Expert Disclosures"). Defendants purport to have these five individuals present evidence as follows:

"... concerning commercial real estate investment, including wholesaling and the forms it can take; in a "double" closing it is not improper to enter into a purchase agreement before acquiring title; it is common to create special purpose entities whose sole purpose is to hold title to a piece of commercial real estate; the identity of the owner has no effect on property value and is generally irrelevant; the length of ownership has no bearing on sale price; investors have full autonomy to choose which properties to purchase, the amount to offer, and which service providers to hire; it is common for a real estate company to have various service provider contacts and make those available to their clients, who remain the ultimate decision-makers; not every defect can be identified during the course of a typical property inspection; and, it is incumbent upon real estate investors to review property inspection reports and other due diligence materials provided to them."

(*Id.*)

1

Federal Rule of Evidence 702 permits expert testimony only if: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In other words, it is this Court's task to "ascertain whether the expert is qualified, whether his or her methodology is scientifically reliable, and whether the testimony will assist the trier of fact to understand the evidence or to determine a fact in issue." *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 893 (7th Cir. 2011) (quotations omitted).

Federal Rule of Civil Procedure 26 distinguishes between retained and non-retained experts. A witness "retained or specially employed to provide expert testimony" must provide a detailed written expert report prepared and signed by the witness under Rule 26(a)(2)(B). Any other expert witness must provide a summary disclosure describing the subject matter of the testimony and the facts and opinions to which the witness will testify. Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee, in its Notes, contemplates a treating physician as the quintessential non-retained expert who could be "deposed or called to testify at trial without any requirement for a written report." Of course, even in that context, carrying a physician's title and degree is not a get-out-of-jail card in terms of the expert report requirement. Courts in this district have held that "when the testimony of a treating physician goes beyond the scope of treatment, observation, and diagnosis, and includes opinions on causation, prognosis, or the future impact of the injury, the treating physician must provide a report satisfying the requirements of Rule 26(a)(2)(B)." *See, e.g.*, *Griffith v. Northeast Illinois Regional Commuter R.R.*, 233 F.R.D. 513, 516 (N.D. Ill. 2006); *but see Crabbs v. Wal-Mart Stores, Inc.*, 2011 WL 499141, at *3 (S.D. Iowa Feb. 4, 2011) (discussing *Griffith* in the context of the 2010 amendments to Rule 26); *see also EEOC v. AutoZone, Inc.*, 707 F.3d 824, 833 (7th Cir. 2013) ("[A] treating physician can provide an expert opinion without submitting a written report if the physician's opinion was formed during the course of the physician's treatment, and not in preparation for litigation").

At a more general level, hybrid fact and expert witnesses disclosed under Rule 26(a)(2)(C), also referred to as non-retained experts, "must testify from the personal knowledge they gained on the job." *Indianapolis Airport Auth. v. Travelers Prop. Cas. Co. of Am.*, 849 F.3d 355, 371 (7th Cir. 2017). Accordingly, courts may "limit their testimony" to "facts they learned and opinions they formed during the course of their project duties." *Id.* "Non-retained experts must only testify about opinions that were formed during the course of their participation in the relevant events of the case . . . and not those that [they] developed later or in anticipation of litigation." *See e.g., Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013).

Plaintiffs declare the Magistrate Judge's determination in *Guarantee Trust* "controlling authority" for the proposition that "generalized opinions about industry practices" is not properly offered through non-retained experts. (Dkt. 445 at 1). That is not quite right. Setting aside the fact that the decision itself does not bind this Court, it is nonetheless possible, by the terms of the rule, for testimony about industry practices to derive from personal knowledge of the facts or data at issue in the litigation. In this sense, the *Guarantee Trust* decision is not as sweeping as Plaintiffs would read.

Nonetheless, *Guarantee Trust* is instructive in its analysis of the non-retained expert distinction outside the common context of a treating physician. This Court concurs that "a former employee may be a non-retained expert for the purposes of Rule 26(a)(2) if he is a percipient witness and is testifying based upon his personal knowledge of the facts or data at issue in the litigation." *Guarantee Tr. Life Ins. Co.*, 291 F.R.D. at 237. The question, then, is whether Defendants' non-retained experts are acting as such.

The Seventh Circuit has affirmatively cited the example of "architect[s], engineer[s], and accountants involved in renovation project [testifying] as hybrids based on their factual observations and professional analyses rendered during [the] project." *Indianapolis Airport Auth.*, 849 F.3d at 370–71. In that sense, it is possible that Defendants' witnesses have "factual observations and professional analyses" that they developed during their commercial real estate development work. *Cf. LeBlanc v. Mr. Bult's, Inc.*, 2019 WL 3776957, at *4 (N.D. Ill. Aug. 12, 2019) ("Forming an opinion based on a review of documents . . . after the fact is the province of a retained expert witness under Rule 26(a)(2)(B)" and not a non-retained expert.). Plaintiffs suggest that the "uniformity" in Defendants' expert disclosure list "implies that the testimony is not derived from each witness's individual participation in the underlying events." (Dkt. 445 at 4). This conclusion, however, is less than certain. The list of individuals broadly worked together in the same industry. It fairly follows that they know similar things about how to do the job, and that their testimony may overlap accordingly.

Of course, Defendants' witnesses "do not have carte blanche to testify at will" about real estate industry practices. *Indianapolis Airport Auth.*, 849 F.3d at 371. Their testimony must be constrained to their personal actions and the manner in which they performed their jobs. *Id.* However, if a witness were to conclude that this is the proper and/or legal way to conduct the business, then that witness would be providing expert testimony that must be disclosed and be subject to the Rule 26 process.

To the extent any of their testimony would be improperly generalized beyond that basis, Defendants' witnesses' testimony would be improper under Rule 26(a)(2)(C). *See, e.g.*, *Beaton v. SpeedyPC Software*, 2021 WL 1247595, at *2 (N.D. Ill. Mar. 31, 2021) ("Where [expert]'s testimony extends to new opinions formed because of this case, it cannot be properly introduced in his position as a hybrid expert.").

If the court concludes that a party has failed to properly disclose its witnesses, then it must determine the appropriate sanction. The exclusion of nondisclosed evidence is automatic and mandatory under Federal Rule of Civil Procedure Rule 37(c)(1) unless nondisclosure was justified or harmless. Fed.R.Civ.P. 37(C)(1).

Here, Defendants attempt to shoehorn expert testimony through their own testimony in order to justify their actions as conforming to industry-wide standards. First, saying what is a common practice is the province of expert opinion. Further, discussing what factors impact a property's value is also expert testimony. A conclusion such as "not every defect can be identified during the course of a typical property inspection" is also opinion testimony of an expert. Therefore, it is difficult at this stage to point to any specific testimony and how it will play out without a deposition for the Court to review. As an example of what would be permissible is a

3

statement: "in my twelve years in the real estate business, each closing I have done has had a defect that was not identified during the inspection." What would be impermissible is the conclusion that "not every defect can be identified during a property inspection."

The Court orders Defendants to break down individual statements that each witness proposes to make in order for the Court to determine the proper scope of each witness's testimony.

### **CONCLUSION**

For the foregoing reasons, the Court grants in part Plaintiffs' Motion to Strike and directs Defendants to submit to the Court a breakdown of the five proposed witnesses and the testimony that each intends to give on or before 4/27/26. [445] Where the testimony extends to new opinions formed because of this case, it cannot properly be introduced in the witnesses' position as hybrid experts.

Virginia M. Kendall
United States District Judge

Date: April 20, 2026

4