**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UMER MALIK, an individual, and FAIR OAKS BLVD. LLC, | ) | |
| *Plaintiffs*, | ) | No. 23 C 1182 |
| v. | ) | Chief Judge Virginia M. Kendall |
| PRAIRIE RAYNOR LLC, et al., | ) | |
| *Defendants*. | ) | |

**OPINION & ORDER**

Plaintiffs Umer Malik and Fair Oaks Blvd. LLC ("Malik") move for a preliminary injunction under Federal Rule of Civil Procedure 65, and for equitable interim relief under Federal Rule of Civil Procedure 64 and the Illinois Uniform Fraudulent Transfer Act (IUFTA). Malik's injunctive requests vary widely, from effectively a full freeze of the Defendants'[1] assets (Dkt. 458 at 15), to more narrowly tailored relief, like an accounting. (Dkt. 498 at 34:23). The Court DENIES Malik's Motion [458].

**BACKGROUND**

The Court assumes familiarity with the factual background outlined in its September 9, 2026, Memorandum Opinion. (Dkt. 516). At bottom, this case is one of fifteen related cases alleging that various overlapping Defendants engaged in a fraudulent real estate investment scheme through which they misrepresented the conditions and ownership of real estate properties to induce the Plaintiffs to purchase them. (Dkt. 5). This is Malik's second motion for a preliminary injunction. The Court dismissed the first motion (Dkt. 199), reasoning that Malik failed to show

[1] Because Malik's Motion for a Preliminary Injunction (Dkt. 458), focuses on Chojnacki and Long's conduct—not Prairie Raynor's conduct specifically—the Court refers to the Defendants collectively as "Chojnacki and Long."

that he would suffer irreparable harm absent an injunction. (Dkt. 321). In the present motion, Malik argues that Chojnacki and Long are strategically working towards insolvency, that they liquidated real estate holdings resulting in a net gain of $2.8 million, and that they purposely dissolved and rendered all of their entities insolvent while distributing the assets from the dissolutions to themselves. (Dkt. 458 at 1-2). Malik claims that an injunction is appropriate because, given the fraudulent asset transfers, any potential future damages "would be rendered inadequate." (*Id*. at 2).

## LEGAL STANDARD

"A preliminary injunction is an 'extraordinary' equitable remedy that is 'never awarded as of right.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345 (2024) (quoting *Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008)). "The default rule is that a plaintiff seeking a preliminary injunction must make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id*. at 346 (quoting *Winter*, 555 U.S. at 20, 22). "Of all of these factors, the likelihood of success on the merits ordinarily carries the most weight." *Minocqua Brewing Co. LLC v. Hess*, 160 F.4th 849, 855 (7th Cir. 2025) (quoting *A.C. by M.C. v. Metro. Sch. Dist. of Martinsville*, 75 F.4th 760, 771 (7th Cir. 2023)).

Federal Rule of Civil Procedure 64(a) dictates that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment," unless a federal statute applies. Illinois statute 735 ILCS 5/4-101 allows "a creditor having a money claim," including those "sounding in contract," to "have an attachment against the property of his or her debtor . . . either at the time of commencement of the action or thereafter, when the claim exceeds $20" if any of eleven circumstances apply, including "[w]here the debtor is not a resident

of [Illinois]." 735 Ill. Comp. Stat. 5/4-101(1). Similar to a Rule 65 injunction, the plaintiff must also demonstrate a "probability" of success on the merits. *U.S. Bank Nat'l Ass'n v. Rose*, 2014 IL App (3d) 130356, ¶ 13. A court "shall" enter the order if the plaintiff establishes both cause and a probability of success. *Rose*, 2014 IL App (3d) 130356, ¶ 16.

**DISCUSSION**

To secure a preliminary injunction under Federal Rule of Civil Procedure 65, Malik must show that his case is likely to succeed on the merits. *Starbucks Corp.*, 602 U.S. at 346. The movant for a preliminary injunction "bears a significant burden" and "must demonstrate at a minimum how it proposes to prove the key elements of its case." *Grubhub Inc. v. Relish Labs LLC*, 80 F.4th 835, 844 (7th Cir. 2023) (quoting *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020)). Malik's motion for a preliminary injunction does not demonstrate how he intends to prove the critical elements of any of his claims, and instead relies solely on one argument as to why his case is likely to succeed on the merits: that because his complaint survived Chojnacki and Long's motion to dismiss, it is likely to win on the merits. (Dkt. 458 at 8-9). This is insufficient.

At the motion to dismiss stage, the Court accepts all well-pleaded allegations as true and construes all reasonable inferences in favor of the plaintiff. Overcoming a motion to dismiss is a far cry from providing enough evidence that the party is likely to succeed on the merits, nor does it explain how a party plans to prove their case. *Alarm Detection Sys., Inc. v. Vill. Of Schaumburg*, 930 F.3d 812, 823 (7th Cir. 2019); *see also Zhang v. UAB Ekomlita*, 2023 WL 2867798, at *6 (N.D. Ill. Apr. 10, 2023) ("the mere fact that a complaint survived a Rule 12(b)(6) motion does not show a likelihood of success on the merits" for the purposes of issuing a preliminary injunction) (cleaned up). Malik's motion does not offer any other arguments, or any evidence whatsoever,

demonstrating that his case is likely to succeed on the merits. Malik's motion for a preliminary injunction fails the first required element.

The Court is aware that, since Malik filed the present Motion for a preliminary injunction, several of Malik's claims defeated summary judgment. (Dkt. 516). Malik, however, did not move for leave to amend his motion for a preliminary injunction after summary judgment. Nonetheless, the Court considers any impact of its summary judgment Order. (*Id.*) In its Order, the Court did not consider the weight of the evidence. Instead, it determined that there is a genuine issue of material fact as to some of Malik's claims. (*Id.*) This does not mean that the Court found that Malik's claims are *likely* to win at trial, just that there is a triable issue of material fact. The Court's summary judgment Order therefore does not change this analysis and the Court DENIES Malik's motion for a preliminary injunction under Rule 65.

Similar to Rule 65 injunctions, Rule 64—in conjunction with 735 ILCS 5/4-101—requires Malik to establish that his case has a "probability of success" on the merits. 735 Ill. Comp. Stat. 5/4-137; *Rose*, 2014 IL App (3d) 130356, ¶ 13. As discussed above, Malik failed to present *any* arguments that his case will succeed on the merits. The Court DENIES Malik's motion for a preliminary injunction under Rule 64 and 735 ILCS 5/4-101.

Finally, Malik argues that injunctive relief is proper under the IUFTA because—he claims—defendants violated the IUFTA. (Dkt. 458 at 14). The IUFTA "protects against two kinds of fraudulent transfers: transfers with actual intent to defraud and transfers which the law considers fraudulent," also known as "constructive" transfers. *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997).

Malik asserts that Chojnacki and Long transferred assets "with actual intent to hinder, delay, or defraud any creditor of the debtor" and therefore violated the IUFTA. (Dkt. 458 at 14).

Chojnacki and Long argue that Malik fails to show *either* actual or constructive fraud. (Dkt. 477 at 22). As to the former, they argue that Malik does not provide any evidence of actual fraud—only inferences that the asset transfers are fraudulent—and that Malik's arguments fail because he cannot show that the "main or only purpose" of Chojnacki and Long's asset transfers was to evade a potential judgment. (*Id.* at 22-23). As to the latter, Chojnacki and Long argue that Malik cannot show constructive fraud because he failed to prove any of the elements of constructive fraud. (*Id.* at 23). Constructive fraud requires that (1) the debtor made a voluntary transfer; (2) at the time of the transfer, the debtor had incurred obligations elsewhere; (3) the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer; and (4) after the transfer, the debtor failed to retain sufficient property to pay the indebtedness." *Gen. Elec. Cap. Corp.*, 128 F.3d at 1078. Because Malik fails to show that he is likely to succeed on the merits, the Court need not reach these arguments.

The IUFTA authorizes parties to seek pre-judgment relief before securing a judgment. *Levy v. Markal Sales Corp*., 311 Ill. App. 3d 552, 559 (2000). Pre-judgment relief, like restricting or invalidating the transfer of assets before parties have resolved their claims, is "injunctive in nature." *O'Malley as Tr. Under Tr. Agreement Dated Jan. 1, 2006 v. Adams as Tr. of Almyra M. Prather Revocable Tr. Agreement Dated Dec. 15, 1967*, 2024 IL App (5th) 240094 (orders sequestering proceeds until parties resolved claims were "injunctive in nature" because they resulted in restricting the transfer of proceeds). In *O'Malley*, the Illinois Fifth District Appellate Court required the moving party in a pre-judgment motion for relief under Section 2 of the IUFTA to make a showing of likelihood of success on the merits. *Id.* ¶ 30. Because Malik similarly seeks injunctive relief under Section 5 of the IUFTA, he must show that his claim is likely to succeed on the merits. Malik's barebone arguments fail to do so, so his IUFTA-based request for injunctive

relief necessarily fails. The Court DENIES Malik's motion for pre-judgment relief under the Illinois Uniform Fraudulent Transfer Act.

## CONCLUSION

For the reasons above, the Court DENIES Malik's motion for a preliminary injunction in full.

Virginia M. Kendall
United States District Judge

Date: November 10, 2026